UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FABRIZIO DULCETTI NEVES

      Appellant/Debtor/Defendant,          CASE NO. 14-cv-24840-KAM

      v.          Adv. Pro. No. 10-02122-LMI

GOLDEN DAWN CORPORATION
and MARKWOOD INVESTMENTS LTD.

      Appellees/Plaintiffs.
_____/

**APPELLEE GOLDEN DAWN AND MARKWOOD INVESTMENTS' MOTION TO DISMISS NEVES' FIRST WAVE OF APPEALS FOR FAILURE TO TIMELY FILE INITIAL BRIEF AND DISMISSNG ENTIRE CONSOLIDATED APPEAL**

      COMES NOW, the Appellees/Plaintiffs, Golden Dawn Corporation ("Golden Dawn") and Markwood Investments Ltd. ("Markwood"), by and through undersigned counsel, and move this Honorable Court for the entry of an Order dismissing the initial wave of appeals filed by Appellant/Debtor/Defendant Fabrizio Dulcetti Neves ("Neves") and dismissing the entire case with prejudice.  In support thereof, states as follows:

**PERTINENT FACTUAL AND PROCEDURAL HISTORY**

      1.     This case involves an appeal from certain rulings rendered in Adversary Case No. 10-02122-LMI [the "Adversary Proceeding" or "Adv. Pro.") in the United States Bankruptcy Court for the Southern District of Florida.  On December 16, 2014, the Bankruptcy Court entered its Final Judgment in this case.  [Adv. Pro. ECF No. 1022].

      2.     On December 17, 2014, Neves filed five (5) separate Notices of Appeal in this matter, directed at the Final Judgment, the Bankruptcy Court's Memorandum Opinion on Trial,

and certain adverse interlocutory rulings (the "First Wave of Appeals").  *See* [Adv. Pro. ECF. Nos. 1025-1029].  Ultimately, four of Neves' original appeals were consolidated to be heard before this Court as Case No. 1:14-cv-24840-KAM (the "First Consolidated Appeal").  The fifth appeal was considered and denied by the Honorable Federico Moreno on March 31, 2015.  See [Case No. 1:14-cv-24842-FAM, ECF No. 32].

3. On December 26, 2014, Plaintiffs filed a Motion to Alter or Amend Judgment and Second Motion to Amend Pleadings to Conform to the Evidence Presented at Trial ("Markwood's Motion to Alter or Amend").  [Adv. Pro. ECF No. 1070].  On December 30, 2014, Neves filed a Motion to Amend and/or Alter Findings of Fact ("Neves's Motion to Alter or Amend").  [Adv. Pro. ECF No. 1072].

4. On January 5, 2015, Neves filed an Unopposed Motion for Extension of Time to File Initial Brief in the First Consolidated Appeal. [1:14-cv-24840-KAM, ECF No. 7].  In that Motion, Neves requested an extension of time of thirty (30) days from the Bankruptcy Court's disposition of the Parties' Motions to Alter and/or Amend.  *See Id.* at 3 & 4.  On January 14, 2015, the Court entered an Endorsed Order granting Neves' Unopposed Motion for Extension of Time to file the Initial Brief (the "Endorsed Order").  [1:14-cv-24840-KAM, ECF No. 13].

5. On February 6, 2015, Plaintiffs filed a Motion to Correct Final Judgment seeking relief pursuant to Fed.R.Civ.P. 60(a) and 60(b) (the "Motion for Relief from Judgment").  [Adv. Pro. ECF No. 1136].  In the Motion for Relief from Judgment, the Plaintiffs pointed out to the Bankruptcy Court that the Final Judgment had mistakenly conflated the Plaintiffs and requested that the Bankruptcy Court correct its mistake by affirmatively setting forth that Counts II-V were rendered solely in favor of Plaintiff Golden Dawn and that Counts I and VI were rendered solely against Plaintiff Markwood.  *See Id.*

6. On February 17, 2015, the Bankruptcy Court entered its Order Denying Markwood's Motion to Alter or Amend Judgment. *See* [Adv. Pro. ECF No. 1150]. On February 25, 2015, the Bankruptcy Court entered an Order Denying Neves' Motion to Alter or Amend Judgment. *See* [Adv. Pro. ECF No. 1151]. Accordingly, pursuant to this Court's Endorsed Order, Neves was required to file his Initial Brief within thirty days from that date, by no later than March 27, 2015.

7. On March 8, 2015, the Bankruptcy Court entered an Order granting Plaintiffs' Motion for Relief from Judgment. Four days later, on March 12, 2015, the Bankruptcy Court filed an Amended Final Judgment in this cause, which did not award any additional substantive relief against Neves, but merely differentiated between the Plaintiffs as far as the relief previously granted in the original Final Judgment. *See* [Adv. Pro. ECF No. 1168]. No changes whatsoever where made with respect to the Bankruptcy Court's factual findings, legal conclusions or the actual substantive relief and amount of damages awarded against Neves. The only difference is that Neves is now liable for those damages only to Golden Dawn, rather than to both Plaintiffs.

8. On March 10, 2015, thirteen (13) days after the Bankruptcy Court disposed of the last of the Motions to Alter or Amend, Plaintiff Markwood filed three (3) Notices of Appeal. *See* [Adv. Pro. ECF Nos. 1161, 1162 & 1164].

9. On March 24, 2015, Neves filed yet another Notice of Appeal, as well as a Notice of Cross Appeal (the "Second Wave of Appeals"). [Adv. Pro. ECF Nos. 1161, 1162 & 1164]. The Second Wave of Appeals essentially duplicated all of the orders previously appealed in the First Wave of Appeal, including the appellate challenges that had already been adjudicated and denied in the appeal decided by Judge Moreno.

10. As established in prior filings, the Second Wave of Appeals must be dismissed due to lack of subject matter jurisdiction. *See* Appellees' Motion to Strike Improper Notice of Appeal and Notice of Cross Appeal and to Dismiss Appeals (the "Motion to Dismiss Second Wave of Appeals") [1:14-cv-24840-KAM, ECF No. 27]; Reply Memorandum in Support of Motion to Strike Improper Notice of Appeal and Notice of Cross Appeal and to Dismiss Appeals [1:14-cv-24840-KAM ECF No. 36]. The Motion to Dismiss Second Wave of Appeals has been fully briefed and remains pending. On June 6, 2015 [ECF No. 26] and August 19, 2015 [ECF No. 40], this Court entered endorsed orders granting Neves' Motion where a request for a status conference was also sought.[1]  *See Id.*

11. On June 5, 2015, Neves filed his Untimely Motion to Extend Time to File Initial Brief. [1:14-cv-24840-KAM ECF No. 25]. In that Motion, Neves sought to consolidate the Second Wave of Appeals with the First Consolidated Appeal. That request was granted by the Court, and now all of the appeals that are still pending in this case from both the First and Second Wave of Neves' Appeals have been consolidated into Case No. 1:14-cv-24840-KAM ("The Second Consolidated Appeal").

12. In his Untimely Motion to Extend Time to File Initial Brief, Neves also requested an additional extension of time to file his Initial Brief, until June 18, 2015. Although for the purposes of expediency, the Undersigned did not oppose either the requested consolidation or extension of time, Neves' Untimely Motion reflects on its face that Plaintiffs expressly reserved their rights as to their pending Motion to Dismiss Neves' Second Wave of Appeals for lack of subject matter jurisdiction, as well as their right to file this instant Motion to Dismiss Neves'

---

[1] The status conference was requested by Neves in his Unopposed (with Rights Reserved) Motion to Consolidate Appeals and to Extend Time for Filing Initial Briefs (the "Untimely Motion to Extend Time to File Initial Brief" or the "Untimely Motion"). *See* [1:14-cv-24840-KAM ECF No. 25, at 7].

First Wave of Appeals for Failure to Timely File Initial Brief.  *See* [1:14-cv-24840-KAM, ECF No. 25, at 6-7].

13. On July 15, 2015, this court granted a motion to stay this procedure for 60 days. *See* [1:14-cv-24840-KAM, ECF No. 39].

## LEGAL ARGUMENTATION: NEVES' FIRST WAVE OF APPEALS SHOULD BE DISMSSED FOR LACK OF PROSECUTON

14. In *Beverly Manufacturing Corp. Tavorina*, 778 F.2d 666 (11th Cir. 1985), the Eleventh Circuit rejected "a stringent rule of dismissal for failure to timely file briefs" in bankruptcy appeals. *Id.* at 667. Instead, the Court adopted "the more flexible standard requiring [a showing of] bad faith, negligence or indifference with regard to filing briefs" in order to warrant dismissal. *Id.*

15. The standard adopted by the Court is not without teeth, but is instead "consistent with the policy of encouraging swift prosecution of appeals." *Suncoast Airlines, Inc. v. Atkinson & Mullen, Inc.*, 121 B.R. 403, 405 (Bankr. S.D. Fla. 1990). Accordingly, in order to escape dismissal, an appellant must provide a tenable and supportable "excuse for his failure to file" on time. *Beverly Manufacturing Corp.*, 778 F.2d at 667-668; *see also Suncoast Airlines, Inc.*, 121 B.R. at 405 (in order to avoid dismissal, the grounds asserted for failing to file the brief on time must be "excusable"; "[t]he court is required to find that any inadvertence was due to something *beyond* the control of the person to be excused.") (emphasis in original); *Belcher v. Colombia University*, 293 B.R. 269, (Bankr. N.D. Ga. 2002) (same).

16. Dismissal is warranted in this case because, under the circumstances, Neves' protracted delay was necessarily the product of bad faith, indifference, or most likely, negligence.  Pursuant to this Court's January 14, 2015 Endorsed Order, Neves was required to file his Initial Brief by no later than March 27, 2015, but failed to do so, or to timely petition the

Court for additional time. Instead, Neves neglected his Court-imposed duty to file his Initial Brief for seventy-one (71) days, until June 5, 2015, when Neves filed the Untimely Motion to Extend Time to File Initial Brief.

17. Neves did not actually file his Initial Brief until June 19, 2015, eighty-five (85) days after the original deadline imposed by the Court in its Endorsed Order. In so doing, Neves missed yet another Court-imposed deadline, as this Court's order granting Neves' Untimely Motion to Extend Time to File Initial Brief required that the Initial Brief be filed by no later than June 18, 2015.

18. Not only is Neves' failure to prosecute this appeal by failing to timely file his Initial Brief significantly protracted in nature, his lengthy delay and his failure to comply with the Court's January 15, 2015 Endorsed Order have been entirely unexcused. Nowhere in his Untimely Motion to Extend Time to File Initial Brief did Neves even attempt to excuse his failure to meet his Court-imposed March 27, 2015 deadline for filing the Initial Brief in connection with the First Wave of Appeals. Given that the Court lacks subject matter jurisdiction to adjudicate the Second Wave of Appeals, the Second Consolidated Appeal should be dismissed in its entirety.

WHERFORE, Plaintiffs Golden Dawn and Markwood respectfully request that this Honorable Court enter an Order dismissing this appeal with prejudice.

Respectfully submitted on this September 17, 2015.

        BERRIO & BERRIO, P.A.
Attorneys for the Appellees
7300 North Kendall Drive, Suite 520
Miami, Florida 33156

By: __/s/ Raul E. Espinoza_____
      Raul E. Espinoza, Esq.
      Florida Bar No.: 50664
      Juan D. Berrio, Esq.
      Florida Bar No.: 236070
      Giorgio L. Ramirez, Esq.
      Florida Bar No.: 195545
      Tel.: 786.539.5410
      Fax: 786.539.5411
      Email: jdberrio@hotmail.com
            giorgiolaw@gmail.com
            respinoza@repalaw.com

**CERTIFICATE OF SERVICE**

It is hereby certified that on this September 17, 2015, the foregoing was electronically filed by CM/ECF system, which will send a notice of electronic filing to counsel of record for Defendants.

By: __/s/ Raul E. Espinoza_____
      Raul E. Espinoza, Esq.
      Florida Bar No.: 50664