UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-24840-KAM

FABRIZIO DULCETTI NEVES,

    Appellant/Defendant,

v.

MARKWOOD INVESTMENT LTD. and
GOLDEN DAWN CORPORATION,

    Appellees/Plaintiffs.

_____/

## APPELLANT FABRIZIO D. NEVES' RESPONSE TO GOLDEN DAWN AND MARKWOOD INVESTMENTS' MOTION TO DISMISS NEVES' FIRST WAVE OF APPEALS FOR FAILURE TO TIMELY FILE INITIAL BRIEF AND DISMISSING ENTIRE CONSOLIDATED APPEAL

Appellant/Defendant, Fabrizio Dulcetti Neves ("Appellant" or "Mr. Neves"), by and through undersigned counsel and pursuant to Federal Rule of Bankruptcy Procedure 8013, files his response to Golden Dawn Corporation ("Golden Dawn") and Markwood Investments' ("Markwood") Motion to Dismiss Neves' First Wave of Appeals for Failure to Timely File Initial Brief and Dismissing Entire Consolidated Appeal (the "Motion") (Doc. No. 41).

### INTRODUCTION

The record shows that Mr. Neves diligently prosecuted these consolidated appeals by timely designating the record and filing his statement of issues, complying with the Local Rules of this Court, filing several procedural motions for efficiency and economy, defending the first motion to dismiss as to the Second Wave of Appeals and ultimately filing his Initial Brief addressing a myriad of complex legal issues. The Appellees cannot show the requisite bad faith,

{36313238;1}

indifference or negligence as to these appeals which are practically ripe for determination on the merits, mandating denial of the Motion.

## FACTS

These appeals will be fully briefed and at issue on October 16, 2015 when Mr. Neves files his reply brief. As shown below, Mr. Neves persistently prosecuted and participated in these consolidated appeals culminating in the filing of his Initial Brief on June 19, 2015.

On December 17, 2014, Mr. Neves commenced these consolidated appeals by timely filing the notices of appeal referred to as the "First Wave of Appeals."[1] (Adv. Pro. Doc. No. 1025, 1026, 1027, 1028, 1029 ).[2]

On December 19, 2014, he filed his designation of items for inclusion in the record on appeal and his statement of issues on appeal. (Adv. Pro. Doc. Nos. 1041, 1042). Thereafter, he supplemented his designation of the record. (Adv. Pro. Doc. Nos. 1076, 1084).

On December 24, 2014, he filed the requisite Notice of Pendency of Other Actions (Doc. No. 6) and on January 5, 2015, he filed a timely unopposed motion for extension of time to file his Initial Brief until after the post judgment motions were determined. (Doc. No. 7).

On January 5, 2015, he also moved to transfer several related appeals to the Honorable Kenneth A. Marra. (Doc. No. 8).

Together with the Appellees, on January 20, 2015 Mr. Neves filed a Joint Response to the Court's Order of Inquiry Regarding Consolidation. (Doc. No. 19).

On March 12, 2015, the bankruptcy court entered an Amended Final Judgment prompting Mr. Neves to file his Notice of Appeal on March 24, 2015 from the Amended Final Judgment known as the "Second Wave of Appeals." (Adv. Pro. 1168, 1209). He timely filed his record

---

[1] Unless otherwise indicated, all defined terms shall have the meaning set forth in the Motion.
[2] Citations to the Adversary Proceeding below, Case No. 10-02122-LMI, are reflected as "Adv. Pro."

designations and statement of issues concerning the Second Wave of Appeals on April 17, 2015 after obtaining approval of extensions to file same. (Adv. Pro. Doc. No 1261, 1271).

On June 5, 2015, Mr. Neves filed a motion to consolidate the Second Wave of Appeals with the First Wave of Appeals and to extend the briefing date on the consolidated appeals to June 18, 2015. (Doc. No. 25). He also moved to extend the briefing date in a related appeal not yet consolidated to June 18. (Case No. 15-cv-21188 Doc. No. 18).

On June 16, 2015, Golden Dawn docketed its motion to dismiss the Second Wave of Appeals for lack of jurisdiction (the "First Motion") previously filed on May 17, 2015 in a related and subsequently consolidated appeal (Doc. No 27) (Dist. Ct. Case No. 1:15-cv-21188-KAM (Doc. No. 10). The following day Mr. Neves filed his response to the First Motion to dismiss objecting to the relief requested. (Doc. No. 30).

Mr. Neves filed his 55 page Initial Brief on June 19, 2015, after obtaining permission to file a brief exceeding the page limit a few hours out of time. (Doc. Nos. 31, 32).

On July 14, 2015, three days before the deadline for Golden Dawn to file its Response Brief, the parties filed a Joint Motion to stay appeals (other than the alter ego appeal) while they engaged in global settlement discussions resulting in a stay of the appeals through September 14, 2015. (Doc. No. 37). Mr. Neves timely filed his Response Brief in the related alter ego appeal on July 20, 2015 (Case No. 1: 15-cv 21035-KAM Doc. No. 20).

On September 17, 2015, on the heels of the expiration of the agreed stay, Golden Dawn filed the instant Motion seeking dismissal of the First Wave of Appeals. (Doc. No. 41). Golden Dawn also sought to extend the time for it to file its Response Brief for 30 days measured from the date of the decision on the last motion to dismiss. (Doc. No. 42).

On September 22, 2015, Mr. Neves filed his expedited response to Golden Dawn's motion for an open ended extension of time to file its response brief pending decisions on the pending motions to dismiss which but for the stay was due on July 17, 2015. (Doc. Nos. 30, 37, 44).

On October 2, 2015, after the Court denied its request for extension of time, Golden Dawn filed its Response Brief. (Doc. No. 45, 48).

Mr. Neves' reply brief will be filed on or before the October 16, 2015 deadline.

I. **THE MOTION IS MOOT BECAUSE THE SECOND WAVE OF APPEALS WAS TIMELY FILED.**

Upon denial of the First Motion to dismiss the instant Motion will become moot as there is no dispute that Mr. Neves' Initial Brief was timely filed as to the Second Wave of Appeals. The First Motion should be denied because the time to appeal started anew upon the entry of the Amended Judgment pursuant to Federal Rule of Civil Procedure 60(b) after the lower court changed its mind concerning whether to conflate the plaintiffs in the final judgment. *See generally* Appellant/Cross Appellant's Response to Golden Dawn's Motion to Strike incorporated herein by reference herein. (Doc. No. 30).

II. **THE CIRCUMSTANCES SURROUNDING MR. NEVES' FILING OF THE INITIAL BRIEF MANDATE DENIAL OF THE MOTION AS MR. NEVES VIGILANTLY PROSECUTED THESE CONSOLIDATED APPEALS AND GOLDEN DAWN CANNOT DEMONSTRATE BAD FAITH, INDIFFERENCE OR NEGLIGENCE.**

The jurisprudence concerning dismissal of appeals for filing a brief out of time is sparse and does not remotely support the striking of Mr. Neves' initial brief and the dismissal of these appeals. The Eleventh Circuit Court of Appeals instructs that the purpose of the non-jurisdictional time limits for filing briefs is to "encourage the swift prosecution of appeals". *Brake v. Tavormina (In re Beverly Mfg. Corp.)*, 778 F.2d 666, 667 (11th Cir. 1985). In adopting

the flexible approach to dismissal of appeals for briefing out of time, the Court of Appeals reasoned that the filing of briefs is not jurisdictional and does not prejudice the parties or the Court in the same manner. *Id.* Thus, dismissal typically occurs in appeals "*showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal.*" *Id.* (citations omitted) (emphasis supplied) (Court relies on decisions where the appellant merely filed a notice of appeal and failed to take any other steps to prosecute the appeal such as designating the record or statement of issues on appealed).

The appellant in *In re Beverly Mfg. Corp.,* an appeal governed by the former Federal Rules of Bankruptcy Procedure, filed his notice of appeal and statement of issues, designation of record on appeal and a motion to accelerate the appeal. *Id.* at 666. However, he failed to file his initial brief claiming that despite inquiry, he was unaware that the appeal was docketed *until nine months after* filing the appeal when he received the dismissal order. *Id.* In vacating the order of dismissal, the Appellate Court found that dismissal under the "circumstances" would ignore the purpose of the rule "unless" the appellant's delay of seven months before inquiring as to the docketing or his failure to receive notice of the docketing demonstrated a "failure to prosecute". *Id.* at 667.

This Court applied the flexible approach of bad faith, negligence or indifference in *Damerau v. FPH Properties, LLC,* 2014 WL 2938488, *1, Case No. 13-62262 (S.D. Fl. June 30, 2014) (Marra, J.), refusing to dismiss an appeal after the *pro se* appellant filed a motion for extension of time to file his brief five days *after* the deadline. The Court found that the appellee was not prejudiced by the late filing and the facts did not show the required dilatory conduct or complete failure to prosecute. *Id. See Daughtrey v. Rivera (In re Daughtrey),* 2015 WL 1268324, *2, Case No. 2:15-cv-29-FtM (M.D. Fla. March 19, 2015) (After curing deficiencies

related to the appellant's failure to timely designate the record on appeal which prompted the Clerk to transmit a bare boned record to the District Court, the Court denied motion to dismiss citing lack of bad faith, negligence or indifference and set a briefing schedule.) *Compare Belcher v. Columbia Univ.*, 293 B.R. 269, 270 (N.D. Ga. 2001) (Appeal dismissed where appellant showed "consistent inability to follow the rules of court or respect deadlines.) *See also In re Suncoast Airlines, Inc.*, 121 B.R. 403, 405 (S.D. Fla. 1990) (District Court affirms the bankruptcy court's denial of motion to vacate its order dismissing appeal where excusable neglect not shown.)[3]

Golden Dawn cannot demonstrate that Mr. Neves was dilatory in these appeals or that he failed to take any actions after he timely filed the First Wave of Appeals. The record defies such a finding and instead demonstrates that Mr. Neves consistently and diligently prosecuted the First Wave of Appeals and the Second Wave of Appeals.

Since the filing of the First Wave of Appeals Mr. Neves has taken a multitude of steps to advance these appeals. He complied with his duties under the Federal Rules of Bankruptcy Procedure and the lower court's Local Rules designating the record and statement of issues on appeal. He filed the requisite Notice of Pendency of Other Actions herein. He filed a timely unopposed motion for extension of time to file his Initial Brief until the post judgment motions were determined. He also moved to transfer related appeals to the Honorable Kenneth A. Marra and to consolidate the appeals. Together with Golden Dawn, Mr. Neves filed a Joint Response to the Court's Order of Inquiry Regarding Consolidation.

---

[3] The Appellees mistakenly rely on the decision in *In re Suncoast Airlines, Inc.* where the issue was whether the appellant demonstrated excusable neglect when moving in the bankruptcy court for entry of an order vacating the bankruptcy court's order of dismissal. *In re Suncoast Airlines, Inc.*, 121 B.R. at 405.

After entry of the Amended Final Judgment, Mr. Neves timely filed the Second Wave of Appeals and a motion to consolidate those appeals with the First Wave of Appeals and to extend the briefing date on the consolidated appeals to June 18, 2015. He filed record designations and his statement of issues as to the Second Wave of Appeals. He moved to extend the briefing date in a related appeal.

Mr. Neves filed his 55 page initial brief on June 19 after seeking permission to file a brief exceeding the page limit a few hours out of time. (Doc. Nos. 31, 32). The instant Motion was filed more than 90 days later. (Doc. No. 41).

Moreover, Mr. Neves responded to the First Motion to dismiss, filed the Joint Motion to stay appeals and opposed Golden Dawn's motion for the open ended extension of time to file its response brief pending decisions on the motions to dismiss. (Doc. Nos. 30, 37, 44).

Golden Dawn cannot claim prejudice from Mr. Neves' alleged delay in filing his Initial Brief as Golden Dawn has consistently delayed this appeal. Golden Dawn consented to a 60 day stay of these appeals and after the stay terminated it immediately sought to delay filing its Response Brief pending decisions on its motions to dismiss. Only after the Court denied its motion for extension of time did Golden Dawn file its Response Brief.

Moreover, Golden Dawn provides no support for its assertion that "under the circumstances, Neves' protracted delay was necessarily the product of bad faith, indifference, or most likely, negligence." Motion at ¶ 16. In fact, the record demonstrates that the opposite is true and that Mr. Neves steadfastly prosecuted the First Wave of Appeals and actively participated in these Consolidated Appeals from their inception. Nor, was Mr. Neves indifferent to his requirement to file his initial brief. He filed various motions concerning the deadline and it is undisputed that his Initial Brief was timely as to the Amended Final Judgment (the Second

Wave of Appeals) and pursuant to this Court's orders extending the time to file as to the First Wave of Appeals (with rights reserved by Golden Dawn).

Dismissal of the First Wave of Appeals would utterly ignore Mr. Neves' significant participation in these consolidated appeals and ignore the Eleventh Circuit's requirement that Golden Dawn demonstrate that Mr. Neves utterly failed to prosecute his appeals.

This appeal is nearly ripe for a determination on the merits which strongly favor Mr. Neves. The Court should deny the Motion and decide this appeal on the briefs.

## CONCLUSION

Based on the foregoing arguments and authorities, Mr. Neves requests entry of an order denying the Appellee's Motion To Dismiss the First Wave of Appeals and granting Mr. Neves such additional relief as the Court may deem just and proper.

Respectfully submitted,

**AKERMAN LLP**
One Southeast Third Avenue
25th Floor
Miami, Florida 33131-1714
Phone: (305) 374-5600
Fax: (305) 374-5095

By: /s/ *Joanne Gelfand*
    Joanne Gelfand, Florida Bar No. 515965
    E-mail: joanne.gelfand@akerman.com
    Michael B. Chavies, Florida Bar No. 191254
    E-mail: michael.chavies@akerman.com
    Brian P. Miller, Florida Bar No. 980633
    E-mail: brian.miller@akerman.com

*Attorneys for Appellant Fabrizio Dulcetti Neves*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 5, 2015 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

By: /s/ Joanne Gelfand
Joanne Gelfand