UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-24840-KAM
CASE NO. 1:15-cv-21035-KAM
CASE NO. 1:15-cv-21034-KAM
CASE NO. 1:15-cv-21036-KAM

FABRIZIO DULCETTI NEVES,

    Appellant/Appellee/Defendant,

v.

MARKWOOD INVESTMENT LTD. and
GOLDEN DAWN CORPORATION,

    Appellees/Appellants/Plaintiffs.
_____/

**MR. NEVES' RESPONSE TO MARKWOOD INVESTMENTS LTD.
AND GOLDEN DAWN CORPORATION'S MOTION TO STRIKE
OR IN THE ALTERNATIVE MOTION FOR LEAVE TO FILE SURREPLY**

Fabrizio D. Neves ("Mr. Neves"), Appellant and Appellee in these related appeals, by and through undersigned counsel, files his response to Markwood Investments Ltd. and Golden Dawn Corp.s' Motion to Strike Or In The Alternative Motion for Leave to File Surreply ("Motion") in the Related Appeals.[1]

**I    MARKWOOD AND GOLDEN DAWN SHOULD BE PERMITTED TO FILE A SURREPLY FOR THE SOLE PURPOSE OF ADDRESSING THE MOOTNESS ARGUMENTS IN THE REPLY SUPPORTED BY THE GENERAL RELEASE.**

---

[1] "Related Appeals" shall mean the related cases where this Response is being filed, *to wit,* : i) Case No. 14-24840-KAM (Appeals taken by Mr. Neves as appellant and consolidated with appeal Case Nos. 14-24844-KAM and 14-24846-KAM), which consolidated appeal is fully briefed [ECF Nos. 33, 48, and 51]; ii) Case No. 15-21035-KAM, taken by Markwood as Appellant, which appeal is fully briefed [ECF Nos. 19, 20, and 24]; and *iii)* Case Nos. 15-21034-KAM and 15-21036-KAM also taken by Markwood as appellant, which appeals have not been prosecuted by Markwood.

{37170037;1}

For more than a year, Markwood and Golden Dawn's defense and prosecution of the Related Appeals have been under the exclusive custody and control of the Administrator appointed by the Italian Court under the Sequestration Order,[2] *after* Markwood and Golden Dawn received actual notice and an opportunity to be heard in the Italian Criminal Court. *See* Motion for Comity and to Stay the Related Appeals (Case No. 1:14-cv-24840, ECF No. 53) ("Comity Motion") at ¶¶ 6, 7 and pp. 9-10.  Indeed, Markwood and Golden Dawn failed to bring the crucial and material Sequestration Order to this Court's attention and now, only after Mr. Neves filed documents showing that the Related Appeals are ripe for dismissal as moot, do the movants seek to be heard *via* surreply.  Importantly, Markwood and Golden Dawn already had an opportunity to respond to the Sequestration Order in their response to the Comity Motion which does not dispute and concedes the entry and validity of the Sequestration Order.  Rather, the response raised only two points in opposition to the request for comity neither of which challenged the substance of the Sequestration Order and both of which were fully negated in Mr. Neves' reply.  *See* Reply at 3-10 (Case No. 1:14-cv-24840, Doc No. 56).

The General Release, Satisfaction of Judgment and Withdrawal of Proofs of Claim ("General Release"), obtained *after* Mr. Neves filed the Comity Motion, was attached to the reply for the limited purposes of demonstrating that the Related Appeals are now moot and can be dismissed and that the two inapposite points raised in the response on the Comity Motion are likewise moot.[3]  Mr. Neves has no objection to Markwood and Golden Dawn filing a surreply

---

[2] Unless otherwise indicated, all defined terms set forth herein shall have the same meaning as set forth in the Comity Motion (ECF No. 53).

[3] *See* Reply at 1-2 (Case No. 1:14-cv-24840, Doc No. 56) (Because of Mr. Neves' efforts in obtaining the General Release, "the Related Appeals [as well as the underlying bankruptcy case] can now be concluded."); Reply at 4 (Case No. 1:14-cv-24840, Doc No. 56) (Neither of the two points raised in the Response to the Comity Motion are "valid and both– as shown by Exhibits A

not to exceed five pages for the limited and sole purpose of addressing whether the General Release renders the Related Appeals moot and whether the two points raised in the Response on the Comity Motion are also moot.[4] Mr. Neves objects to Markwood and Golden Dawn utilizing the surreply for any other purpose other than addressing mootness.

## II  THE MOTION TO STRIKE SHOULD BE DENIED.

The request to strike the reply on the basis that Markwood and Golden Dawn were not provided an opportunity to "respond to the General Release" should be denied. *See* Motion at 3. Allowing Markwood and Golden Dawn to file a sureply addressing the mootness provides such opportunity.

## III  RESERVATION OF RIGHTS.

Mr. Neves continues to contend that counsel for Markwood and Golden Dawn have no authority to take any actions on behalf of Markwood and Golden Dawn pursuant to the Sequestration Order. Mr. Neves makes no waivers and reserves his right to object to counsel's continuing to appear in these proceedings.

### Conclusion

Based on the foregoing arguments, Mr. Neves respectfully requests entry of an Order granting in part and denying in part the Motion and permitting the movants to file a surreply for the sole and limited purposes of addressing whether the General Release renders the Related Appeals moot and whether the two points raised in the response on the Comity Motion are also moot and granting such further relief as may be just and appropriate including dismissal of these Related Appeals.

---

and B [the General Release] attached – are erroneous and moot.") (Case No. 1:14-cv-24840, Doc No. 56).

[4] A true and correct copy of the Apostilled General Release obtained *after* filing the Reply is being filed in the Related Appeals simultaneously herewith.

Dated:  January 19, 2016

        Respectfully submitted,

        **AKERMAN LLP**
        One Southeast Third Avenue
        25th Floor
        Miami, Florida 33131-1714
        Phone: (305) 374-5600
        Fax: (305) 374-5095


        By: */s/  Joanne Gelfand*
           Joanne Gelfand, Florida Bar No. 515965
           E-mail: joanne.gelfand@akerman.com
           Brian P. Miller, Florida Bar No. 980633
           E-mail: brian.miller@akerman.com
           Ilana Tabacinic, Florida Bar No:  57597
           Email:  ilana.tabacinic@akerman.com

*Attorneys for Appellant Fabrizio Dulcetti Neves*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 19, 2016 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

        By: */s/ Joanne Gelfand*
           Joanne Gelfand